**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: December 30, 2009**



RANDOLPH J. HAINES
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | In Proceedings Under Chapter 13 |
| ) | |
| DAMON R. MATTHEWS ) | Case No. **2:08-bk-03239-RJH** |
| ) | |
| AND ) | **STIPULATED ORDER** |
| ) | **CONFIRMING FIRST** AMENDED |
| | CHAPTER 13 PLAN |
| HATTIE MATTHEWS ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

The Chapter 13 Plan having been properly noticed out to creditors and no objections having been filed,

**IT IS ORDERED** Confirming the Plan of Debtors as follows:

1.  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a.  <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:

| Months | Payments |
|---|---|
| **1-04** | **$0** |
| **05-20** | **$1,440.00** |
| **21-60** | **$1,550.00** |

The payments are due on or before the **26th** day of each month commencing **April, 2008.**

Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee, copies of their **federal** and **state** income tax returns for the year's **2008, 2009** and **2010**, within **30** days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

b.    <u>Other Property.</u> *Optional: The Debtor shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2008, 2009, and 2010, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2.    **DURATION.** This Plan shall continue for 60 **months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3.    **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

a.    <u>Administrative expenses.</u> Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10%.

b.    <u>Attorney Fees</u>. **Joseph W. Charles, P.C.** shall be allowed total fees in the amount of $3,500.00. Counsel received $2,000.00 prior to filing this case and will be paid $1500.00 by the Chapter 13 Trustee.

c.    <u>Claims Secured by Personal Property</u>. Creditor secured by a 2000 Ford Expedition, **DRIVETIME**, shall be paid $13,614.22 with interest at 8%. The creditor will receive adequate protection payments of $483.00 per month. The balance of the claim shall be classified and paid as general unsecured.

<u>Claims Secured by Personal Property.</u> Creditor secured by a 2001 Chevrolet Tahoe, **WESTLAKE FINANCIAL SERVICES,** shall be paid $10,774.21 with interest at 8.5%. The creditor will receive adequate protection payments of $401.00 per month. The balance of the claim shall be paid as general unsecured.

<u>Claims Secured by Personal Property.</u> Creditor secured by personal property of the Debtors, **State of Michigan, Department of Treasury,**

shall be paid $523.04 without interest.

d.    <u>Priority Claims.</u> The **Department of the Treasury/Internal Revenue Service** has filed a priority claim for income taxes of 2007. This creditor will be paid $34,459.91, the total priority claim through the plan with no interest. The balance of the claim for 2007, $8,698.04 shall be classified and paid as general unsecured.

The **Arizona Department of Revenue** has filed a priority claim for income taxes for 2007. This creditor will be paid $1,615.00, the total priority claim through the plan with no interest.

The **State of Michigan, Department of Treasury** has filed a priority claims for taxes in the amounts of $1,050.99 and $2,420.22. This creditor will be paid $3,471.21, the total priority claims through the plan with no interest.

e.    <u>Other provisions.</u> None

f.    <u>Unsecured Claims</u>. All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4.    **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtors herewith.

DATED this _____ day of _____, 2009.


_____
**UNITED STATES BANKRUPTCY JUDGE**


APPROVED AS TO FORM AND CONTENT:


_____
Russell Brown, Trustee